IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BLUE CROSS AND BLUE SHIELD  )
ASSOCIATION,                )
                            )
            Plaintiff,      )
                            )
     v.                     )   No. 11 C 1448
                            )
HOFSTRA UNIVERSITY, et al., )
                            )
            Defendants.     )

MEMORANDUM ORDER

Blue Cross and Blue Shield Association ("Blue Cross" for purposes of this memorandum order, solely in the interest of brevity) has just filed a multicount intellectual property Complaint against Hofstra University ("Hofstra"), North Shore-Long Island Jewish Health System, Inc. ("Health System") and 10 anonymous "Doe" defendants. Complaint ¶1 purports to invoke subject matter jurisdiction on both federal-question grounds and under the rubric of diversity jurisdiction as well.[1]

This Court's invariable practice is to review newly-filed actions assigned to its calendar to discharge its obligation to scrutinize subject matter jurisdiction sua sponte. In this instance, though, that threshold review has instead posed a

---

[1] That last invocation is puzzling, for the presence of unknown "Doe" defendants (necessarily having unknown citizenship) is fatal for diversity purposes--see, e.g., this Court's over-quarter-century-old decision in John Hancock Mut. Life Ins. Co. v. Central Nat'l Bank in Chicago, 555 F.Supp. 1026 (N.D. Ill. 1983). That glitch makes no difference, however, because federal-question jurisdiction is secure.

question as to jurisdiction in personam, to which this memorandum order turns.

It should first be noted that nothing said here is to be perceived as expressing any views as to the substance of Blue Cross' claims, so that this Court is contemporaneously issuing its typical initial scheduling order. But having said that, this Court remains troubled by Blue Cross' effort to compel two New York entities--a university and its medical school--to come into an Illinois court where no part of their own activities appear to be carried on in this state.

Despite the passage of considerable time and the dramatic changes in modes of communication during that period, the basic caselaw on which this Court cut its legal eyeteeth has not changed fundamentally since the seminal opinion in the <u>International Shoe</u> case came down the year before this Court first entered law school. Here for example is the relevant language employed by our Court of Appeals less than six months ago in <u>Mobile Anesthesiologists of Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.</u>, 623 F.3d 440, 443-44 (7th Cir. 2010):

> Under the Supreme Court's well-established interpretation of the Fourteenth Amendment's due process clause, a defendant is subject to personal jurisdiction in a particular state only if the defendant had "certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" <u>International Shoe Co. v. Washington</u>, 326

U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945), quoting Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940). It is unconstitutional to force a defendant to appear in a distant court unless it has done something that should make it "reasonably anticipate being haled into court there." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 295, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). The Court has also framed the constitutional inquiry in terms of whether the defendant "purposefully avails itself" of the benefits and protections of conducting activities in the forum state. See Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

Just what relevant "minimum contacts" have these New York institutions had with Illinois that caused them to "reasonably anticipate being haled into court [ ]here"? Just how can it be argued in good conscience that either of them has "'purposefully avail[ed] itself' of the benefits and protections of conducting activities in [this] forum state"? It is no doubt comfortable and convenient for Blue Cross to be litigating in its home state, using its Chicago counsel,[2] but this Court sees no apparent justification for a plaintiff that emphasizes its own ubiquitous countrywide presence (see, e.g., Complaint ¶¶9 through 13) to suit solely its own convenience by its choice of forum.

Enough said. As what might be gathered from what has been said at the outset, this Court will not consider any sua sponte

---

[2] Indeed, the Complaint contemplates the pro hac vice applications of San Francisco lawyers seeking to come into the case (perhaps as Blue Cross' lead counsel), making it a real cross-country dispute.

3

action of the type that it is mandated to exercise where subject matter jurisdiction is concerned (see, e.g., Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005))--but it believes that Blue Cross and its counsel ought to take a closer look at what has been undertaken here.  In the meantime Blue Cross' counsel is ordered promptly to transmit a copy of this memorandum order to each defendant (or to each defendant's counsel, if known).

_____
Milton I. Shadur
Senior United States District Judge

Date:  March 4, 2011